89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robin Rick MANNING, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; Dan Bolden; Deputy
Cason; Officer Howe; Officer Wolven; Officer
Etch; Officer Lance; Officer Ricci;
John Doe, Defendants-Appellees.
 No. 95-1651.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1996.
 
 Before: MERRITT, Chief Judge; ENGEL and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan state prisoner moves for the appointment of counsel and appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, a declaratory judgment, and injunctive relief, Robin Rick Manning originally sued the Michigan Department of Corrections (MDOC). Manning subsequently amended his complaint and named as defendants MDOC employees "John Doe" (later identified as Dan Bolden, Assistant Deputy Director MDOC), John Cason, Barbara Howe, Tom Wolven, Joanne Ricci, Arthur Etch, and Frank Lance. Manning sued the defendants in their individual capacities.
 
 
 3
 Manning claimed that the defendants violated his civil rights protected by the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment. More specifically, Manning claimed that: 1) Barbara Howe denied him due process of law at an administrative classification hearing held on March 13, 1990; 2) Thomas Wolven denied him due process of law at an administrative classification hearing held on July 11, 1990; 3) Joanne Ricci denied him due process of law at a misconduct hearing held on December 7, 1990; 4) Dan Bolden violated his rights by transferring him to another prison; 5) John Cason subjected him to cruel and unusual punishment by ordering him to wear restraints when out of his cell and by denying him phone calls or visitors while in administrative segregation; and 6) Arthur Etch and Frank Lance subjected him to cruel and unusual punishment by making him ask for permission to use the bathroom.
 
 
 4
 The magistrate judge recommended granting the defendants' motion for summary judgment. Upon de novo review, the district court adopted the magistrate judge's report and recommendation over Manning's objections. Manning appeals that judgment.
 
 
 5
 In his timely appeal, Manning argues that: 1) the district court did not conduct a de novo review of the magistrate judge's report and recommendation; 2) the district court did not provide him with fair notice of the requirements of the summary judgment rules; 3) the district court improperly denied his motion for a preliminary injunction; 4) Joanne Ricci denied him due process of law; 5) Dan Bolden subjected him to cruel and unusual punishment by keeping him in segregation for an indefinite period of time without justification; 6) Dan Bolden subjected him to cruel and unusual punishment by transferring him to another prison; 7) John Cason subjected him to cruel and unusual punishment by ordering that he be placed in restraints when out of his cell and by denying him visitation rights while in administrative segregation; 8) Arthur Etch and Frank Lance subjected him to cruel and unusual punishment by making him ask for permission to use the bathroom; and, 9) Barbara Howe and Thomas Wolven denied him due process of law at administrative classification hearings.
 
 
 6
 Initially, we note that Manning's fifth appellate argument was not raised as a claim in the district court. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case.
 
 
 7
 On appeal, this court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 252.
 
 
 8
 We conclude that the district court properly granted summary judgment in favor of the defendants for the reasons set forth in the district court's opinion dated May 24, 1995. In addition, we note that summary judgment in favor of the defendants with respect to Manning's due process claims was proper because, unless the challenged action would impact on the inmate's duration of confinement, an inmate has no liberty interest in remaining free of disciplinary or administrative segregation as such segregation does not impose an atypical and significant hardship on the inmate. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).
 
 
 9
 Manning's remaining assignments of error are meritless.
 
 
 10
 Accordingly, Manning's motion for the appointment of counsel is hereby denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.